F. H. MAYS and Wife *v*. E. C. WHERRY and others.

October Term, 1876.

REHEARING — WHEN GRANTED. — A rehearing is, ordinarily, nothing more than hearing over again the case as it was before ; and, although admissible for the purpose of introducing new proof, it must be evidence which the party could not, by reasonable diligence, have previously procured, and the application must be sustained by the affidavits of the witnesses relied on.

*R. Ewing*, for Wherry.
*M. C. Goodlett*, for Spence.

THE CHANCELLOR : — On petition for rehearing, filed by M. Campbell, executor of the last will and testament of R. B. C. Spence, deceased.

The complainants, as judgment-creditors of the defendant Wherry, became the purchasers, at execution sale under their own judgment, of two separate parcels of realty, one of them a small tract of land of about seven acres, with improvements thereon. They brought an ejectment for the

other of these lots on the title thus acquired, but the sale was held by the Circuit Court to be void, and this decision was, on appeal, affirmed. In the meantime they had, under the same sale, taken possession of the tract of seven acres, and sold it to R. B. C. Spence. After the decision by the Supreme Court declaring their title invalid, the complainants filed the original bill in this cause, against Wherry and Spence, to have the satisfaction of their judgments, by reason of the void sales, set aside, and the lands resold under the liens held by them, on the seven acres, as assignees of the notes for the purchase-money, and on the other lot by virtue of the levy of the execution. Such proceedings were had that, on December 21, 1875, a final decree was rendered in accordance with the prayer of the bill. The result was that Spence's title to the seven acres under the complainants was declared void, and a decree was rendered in her favor, against Mays and wife, for the purchase-money paid by her to them, with interest, and another decree against her, in favor of Wherry, for the rents of the land during her occupation; and it was referred to the master to take and state an account between her and Wherry of these rents, and of the deductions she might be entitled to for taxes, permanent repairs, etc. At the sale of the lands under this decree the complainants again became the purchasers, and the sales were confirmed on April 3, 1876. This decree, after stating the sale and confirmation, recites the death of the defendant Spence, on February 19, 1876, testate; that her heirs and devisees (naming them) consented to take the title thus acquired to the seven acres under the complainants' original contract of sale to her, in satisfaction of the judgment of the preceding term, and, for this purpose, to a revivor of the suit in their names; and the suit was revived in their names, and the title vested in them accordingly. This decree is signed by all of the said heirs and devisees in their individual names. It also recites the fact that Michael Campbell, the present petitioner, who is

an heir and devisee of Mrs. Spence, and as such signs the decree, is the executor of the last will of said Spence.

This decree said nothing about the account ordered between Wherry and Spence. But at the same term, on July 5, 1876, the order for an account was, "by consent of parties," revived; consent being evidenced by the signatures of the counsel of the several parties, Goodlett & Banks signing "for Spence heirs, etc." Under this revivor, the account ordered was taken and filed. No exceptions having been made to the report, the counsel for Wherry, when the cause was regularly reached on the trial docket, demanded a confirmation, to which he was, under the rules of practice, clearly entitled. The solicitor who had signed the order of revivor for "Spence heirs, etc," thereupon moved the court, upon his own affidavit, in which he calls himself "solicitor of R. B. C. Spence's estate," to refer the account back for further proof. Upon examination, I was of opinion that the affidavit failed to disclose any reason why the solicitor did not attend at the time designated for taking the account, and introduce evidence on behalf of his clients, or of himself as one of the heirs and devisees of Mrs. Spence, and that, as the record showed notice to him, he at least could not be heard to complain of want of notice. The report was therefore confirmed.

This petition is presented about one month after the confirmation. It is a repetition, in a different form, of the affidavit relied on in support of the former application. A rehearing is, ordinarily, nothing more than hearing over again the case as it stood at the trial, and, of course, on precisely the same record. No exceptions having been filed to the master's report, a rehearing could do the petitioner no possible good. Under our practice, it is true, perhaps, that a rehearing is admissible for the purpose of introducing new proof, but it must be evidence which the party could not, by reasonable diligence, have had the benefit of on the previous hearing; and the application must also,

where the witnesses are accessible, be accompanied by their affidavits showing what they would prove. *Robertson* v. *Maclin*, 4 Hayw. 53. Such an application stands upon the footing of an application for a new trial at law. *Chambers* v. *Brown*, Cooke, 292; *Cozart* v. *Lisle*, Meigs, 65. The application under consideration is fatally defective in not complying with any of these essential requisites.

The argument submitted with the petition relies upon the alleged fact that some of the depositions on which the master bases his report were taken without notice to the petitioner. But exceptions on this ground, by the Chancery Rules, must be made before the hearing, and the action of the master invoked before they can be brought before the chancellor. Rule 2, subsec. 5. Reliance also is placed upon the alleged fact that the petitioner had no notice of the taking of the account. But this objection should have been made before the hearing, either by motion to take the report off the file, or by exception to the report itself. Besides, upon both of these grounds, the petition embodies a negative pregnant; for, although the petitioner may have had no notice, his counsel may have had, and may have waived other notice.

Both the present and the original application have been strongly pressed, because, it is said, the rent as found by the master is excessive; and so it would seem to me, on a comparison of the amount with the value of the land as ascertained by the original sale to Spence, or by the resale under the decree of this court. But the report is fully sustained by the evidence of the witnesses examined, and the petitioner produces no disinterested testimony to the contrary. The master could not possibly have found otherwise on the proof before him.

The petition for a rehearing must, consequently, be disallowed, with costs.

The petition does, however, suggest rather than state a fact which, if true, may render the proceedings complained

of void as against the petitioner, and that is a want of notice of the decree for an account. This suggestion is thrown out in a paragraph of the petition, in which the petitioner also denies that he consented to or is bound by the previous decrees. But, inasmuch as the decree for an account was rendered against his testatrix, and as the petitioner con-- sented as an individual to the revivor of the suit against. him, there can be nothing in the suggestion except that. there has been a want of notice to or consent by him as· executor. Upon examination, although I think the in- tention, not only of the other parties in interest, but of˜ himself, was to revive against him in his representative capacity, yet there is some doubt whether the revivor is· technically sufficient. If the counsel for Wherry thinks it is, he may enter a decree dismissing the petition, with costs. If, however, he prefers to rest upon a certainty, I will con-- strue the petition as an appearance in the cause, and will set the report aside, upon the petitioner consenting to a· regular revivor and renewal of the order of reference, and to a retaking of the account at some short date, without other notice, and allowing the evidence already taken to be· used in the reference, subject to his right to recall and cross- examine the witnesses, and to take such other evidence as· he may be advised.